Our next case this morning is 23-1391, Tangsboro Sports Solar, LLC, et al. v. National Grid. Counsel? May it please the Court. My name is Andrew McNeil and I represent the plaintiffs' appellants. With the Court's permission, I'd like to reserve four minutes for rebuttal. You may. Two minutes, sir? Four minutes. Four minutes. Thank you. Unless the Court prefers otherwise, I'm going to first address the District Court's dismissal of plaintiff's state law claims and follow that up with the discussion of the Declaratory Judgment Act claim. Now, turning to the state law claims, the District Court erred in holding that it lacked subject matter jurisdiction under Grable. First, the District Court's conclusion that plaintiff's claims did not necessarily raise a federal tax issue because what they were really, you know, claiming, what the case is really about is the reasonableness of National Grid's actions is flatly irreconcilable with plaintiff's allegations. Simply put, it is not possible for plaintiffs to prevail on their claims as pled unless the tax issue is decided in their favor. For example, plaintiff's restitution claim is affirmatively premised on the allegation that National Grid charged them a fee for a tax that was not in fact owed, and that's paragraph 117 of the complaint. As such, the reasonableness of National Grid's actions is utterly irrelevant. Either the tax was owed, in which case National Grid properly passed it on, or it was not owed, in which case they charged them a fee for something that they had no right to do. And that was... But that doesn't follow, all right? If you prove nothing but the fact that the tax was not owed, that doesn't mean that you were overcharged, because they're not limited to charging you for taxes that they actually pay, or that they actually have to pay. They're entitled under the utility laws that govern public utilities, as I understand them, to make reasonable judgments. That's not our claim, Your Honor. Our claim is... Well, it may not be your claim, but your claim doesn't even state a claim on which relief can be granted. Well, Your Honor, that's an argument that wasn't argued or raised below, but I fundamentally disagree with the premise of Your Honor's question or point. No, they're allowed to recover costs. There's no reasonability about the costs. The cost is owed under a contract, under a service agreement between the people who had the projects here who were connected. They can't come along and say, for example... Yes, I know, but they pay the tax. You've tried this in the state courts. They make a reasonable judgment about whether or not they're liable to pay the tax. You disagree with it, but as long as the judgment is reasonable, they're okay. Your Honor, I think you're hitting the nail on the head as to why this case belongs in federal court, and it has to do with the institutional competencies of the state public utility commissions. They have no authority, as National Grid has argued, to decide whether the tax is owed in the first place. And I fundamentally disagree that the agreements allow them to charge our clients a cost for a tax that they do not, in fact, owe. That is why the PUC, or at least in the Rhode Island, the related Rhode Island proceedings, said, we can't resolve this issue. That's why the Rhode Island court to which it was appealed said, we sure as heck hope the IRS comes in and answers this question, but it hasn't. Everybody does, but it seems to me that the question can't be answered in the absence of the IRS. The IRS can come in and answer the question. Unfortunately, they have no incentive to do so. Well, that's absolutely correct, Your Honor. Well, I would say the IRS does have an incentive, I think, just generally speaking, because the federal government does have an interest in fostering renewable energy, and clearly this provision impacts the federal government's interest in renewable energy, and it's affordability and the cost associated with connecting to local power grids. But I want to make the point abundantly clear. The claim for restitution is based on whether or not they charged a fee for a tax that is not owed, period, point blank. The agreement does not allow them, for example, they can't say, well, we think it's reasonable to charge for the cost of the donuts that we provided to the guys who did the interconnection the morning of, right? They can't just pass that along as a fee. It has to be a cost that's real and actual and supported. And the district court agreed with you on that point, right, on the restitution claim. The district court agreed that it did necessarily raise a federal issue. Yes, that's how we read the footnote in the district court's decision, and along those lines, I do want to note that as long as the court were to conclude that at least one of our claims necessarily raised the issue and the issue was substantial, then the district court had supplemental jurisdiction over all the remaining claims, because all you need is for one claim to satisfy the Grable framework, and the court can hear all the others. I'm sorry, go ahead. How is it substantial if it has no binding effect on the IRS? That's a good question, Your Honor. I thought so. But I think the question, respectfully, it belies a sort of a misunderstanding. I know it's the argument that National Grid makes as to what makes a question substantial. No court has ever said that an issue is substantial unless it has a sort of universal residue that would bind the government, all future potential litigants in all future cases. That's not the standard. In fact, it's utterly irreconcilable with Grable. Grable itself, the sentinel decision here, right, the IRS was not a party. It wouldn't even apply in this case, though. Excuse me, Your Honor? It wouldn't even apply. Say nothing about across the board, it wouldn't even apply in this case. The IRS could still require the payment of the tax. That's correct. I mean, in terms of whether or not there are issues pertaining to the Anti-Injunction Act or the Declaratory Judgment Act's tax bars, this case has no impact on the IRS's collection or assessment activity. So that's not an issue, putting that aside. Now, why it would be substantial, the hallmark is whether, or the touchstone, is whether the case would provide precedent that would help clear up some ambiguity in the law that would have applicability in a substantial number of other cases. So you think the standard, just to be clear for substantiality, is will the interpretation of federal law govern a large number of cases? That's correct. But I want to be clear, govern doesn't mean control, because obviously the interpretation of law by one district court could never control how all other district courts in the remainder of the country would view the issue if it came before it. What control means, or govern means, is just that it would provide precedent, because that's all one district court's decision can do with respect to parties that are not before it. It can't possibly bind all parties, future parties in all courts, in how they view the law. Only the Supreme Court can do that in the federal system on a question of law. So clearly it's not about binding or would resolve the issue once and for all, as a district court claims it would have to do to be substantial. And here we know that the issue is substantial for no less than four reasons. The first is that it's nearly a pure question of law. It's about what does law mean, not about taking an undisputed provision and just applying it to fact-bound cases of the facts. How does that make it substantial? Well, the Supreme Court— You can think of lots of pure questions of law that are not substantial. It doesn't seem to me it follows. Well, Your Honor, the Supreme Court has pointed out it's one of the factors, and I'll walk through them, Your Honor. There are four reasons here why it's substantial. Yeah, but I understand what the Supreme Court said. I just don't understand how it helps you in this case. Because it seems to me that in this case, the fact that it's a pure question of law doesn't add to your claim of substantiality. Well, Your Honor, I respectfully would disagree insofar as the Supreme Court in the Empire case said that whether or not the issue is nearly one of pure law or one of pure law is a factor that is to be considered in the substantiality analysis. But moving on from that, we know that this case would serve as precedent in a large number of other cases. This case is a class action. I thought you just told us that it's a district court opinion, which wouldn't serve—kind of serve as a binding precedent anywhere except the same district. Your Honor, I apologize if I used the word binding. I thought I used the word precedential. It would have a precedential effect that would help guide a large number of other cases. This case itself involves hundreds if not thousands of folks who have renewable energy products that are being charged a tax simply by virtue of the fact that they are connected to a distribution system rather than an electrical transmission system. Now, we believe, of course, the notice is 100 percent clear and that the exception applies here. But that's besides the point. Insofar as you have thousands of individuals before this court, you have two more class actions, one in Rhode Island, one in New York, involving the same defendants and the same issue. And we know that this issue came up before with another utility called Eversource. They—I think in 2018 this issue came up. And related to an earlier question your Honor had, Judge Celia, the Massachusetts Public Utility Commission declined to address the issue. It just—you know, they have no obligation to address these issues and they have no authority to resolve the tax issue in the first place. So that leads to the substantiality. Additionally, the fact that there have been no less than three notices issued by the IRS and at least 11 private letter rulings, as the defendants conceded in their briefing in the Rhode Island proceeding, I think we note that in note 17 of our opening brief, shows that this issue is not anomalous or isolated or just applicable to a very small group of individuals. I mean, this is a substantial factor that also shows that it's a substantial federal issue. Counsel, I know you may have a fourth point, but I just want to make sure I can ask you a few other questions. Why didn't you sue the IRS in this case? We don't have any standing to sue the IRS. We are not the taxpayer. So if you look at the way the provisions work, the IRS, you could sue them in a refund action, but that's, of course, if you go to the IRS first if you're the taxpayer. And then if you disagree, you can go to court and appeal on up to the First Circuit or to the Supreme Court. Or if you're the taxpayer, you could not pay the tax, in which case you would get a deficiency notice that you could then take to tax court and then take to federal court. The reason we're here is because we're not the taxpayer. We're the ones who are stuck between the rock and the hard place. National Grid could answer this question easily if they just went to the IRS and said, we're bringing a refund action. They've steadfastly refused to do it. We've been left in the lurch here for, I think, over a decade where we're being charged a fee for a tax that is not owed and we have nowhere to go but this court. I have another question for you, which is, why do you need a declaratory judgment? Because it seems that that raises a whole host of issues. So why is that necessary for you? Why couldn't the district court here just say, taking your restitution claim, which you started with, you are owed restitution because I interpret that the tax wasn't, the tax gross-up wasn't owed, get your damages and you're done. Why do you need a declaratory judgment? Your Honor, I don't think we need it, to be honest with you. I think it's a built-in suspenders approach here. Certainly under Grable, the federal tax issue could be and should be assessed in the context of determining whether or not we prevail on our state law claims. The Declaratory Judgment Act claim is being brought into service of those coercive state law claims for damages, but ultimately we could have filed a complaint without it and it would be subject matter jurisdiction under Grable. So if anything, it's arguably redundant. It's certainly not necessary. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is Richard Brown. With me at council table is Michael Fitzpatrick from Dave Pitney representing MassElectric and National Grid USA Service Companies, Inc. I'd like to start by highlighting that the obligations between the parties here are purely creations of state law. There's a contract, Inter-Services Connection Agreement. There's a tariff that National Grid files with the Massachusetts DPU. And there's also obligations for National Grid not to charge unjust and unreasonable charges or rates under mass law. So this is a case about state law. The other thing I want to point out, again, to start, is that National Grid has made a determination based on the tax notice abetted by an opinion from Ernst & Young that this income is subject to federal tax. This decision is not driven by any animus against the generators. It's a decision that National Grid made, again, based on independent opinion from Ernst & Young. And there are at least three reasons to affirm the district court dismissal of the case. The first is there is no federal question jurisdiction over either count one or counts three through four, I'm sorry, two through four, the state law claims for restitution, for the breach of the covenant of good faith and fair dealing, and for a violation of Massachusetts statute about unjust and unreasonable charges. Why wouldn't there be under restitution? It seemed to me even the district court thought that there was a federal issue. Because it's not substantial. It's not substantial. It's not substantial, and the test for substantiality or among the factors for substantiality under Grable. But you do concede that there's a federal question on the restitution count. They have said that there is a federal question. I don't know that it's necessary in order to be decided. What happened in Rhode Island was that the Rhode Island will get to the Massachusetts DPU in a second. It was just a simple question. You moved in answer to Judge Rickleman's question, you moved to substantiality. Is that because you concede there is a federal question? We concede that. Okay, that's all I meant. Yeah, we concede that. And under substantiality, it's that it's not directed at an agency. So the IRS is not here. It's not directed at an agency. The case is not important to the federal or the question is not important to the federal system as a whole. And the reason we know that is because it's only these three cases. The IRS is not even here, as was pointed out by Judge Howard. The IRS wouldn't even be bound by this decision. And although the plaintiffs say that there are lots of cases, one would have thought that they would have cited to another case in which somebody else other than National Grid has been sued on this issue. One would have thought that if it was such an important issue in the energy industry, there might have been an amicus brief filed here. One would have thought that if it was really important to the energy industry, as they say, in all the submissions that they make or the allegations they make, there's nothing from the Department of Energy that says this issue, this tax issue, interconnection costs, and particularly this tax issue, is a significant issue or is any issue at all. So it would only affect this case, and it wouldn't even affect the IRS in this case. So if the IRS were to come in and say, if the district court were to have said that the tax is not owed and the IRS would have said it is owed, it doesn't even affect at least National Grid in its own case. So that's the key why Grable tends to make... But counsel, doesn't it clearly affect more than this case? I mean, there are at least two other cases that opposing counsel has cited, and the IRS has issued several notices about this particular point, this very point. So why isn't that enough? What is the standard that you are using for substantiality? I thought it was that it just needed to govern some reasonable number of cases. What standard would you propose? Well, I would propose that, A, that the IRS should be a party. That would be an important thing. You're saying that the IRS has to be a party for it to be substantial, that that's part of the legal standard for substantiality? I'm saying in the context of this case, that would help make it substantial. There would have to be, I think, in several other cases, other than a suit against National Grid as basically a single utility. There are multiple utilities, but against one utility company, I think there has to be more than that. Why wouldn't it be enough just to go with what your opponent says? Why wouldn't it be enough just to go with what your opponent says for substantiality, which I took it was that once there's a decision in this case, that becomes persuasive authority in other cases that might come up? I guess for several reasons. First of all, the IRS wouldn't be bound in those cases either. So the IRS could come out with a different decision. The second is, we've got, as has been mentioned in the briefs, this issue, changing this notice in some fashion, is on the IRS's priority guidance plan. And that would be the IRS deciding this, not a court, which I don't think has the authority to actually get to this issue, which is another part of our argument, is that it's barred by the Anti-Injunction Act and the Declaratory Judgment Act. But I think in this context, with the IRS not a party and potentially going to rule on this issue, it again makes this issue not substantial. But are you saying that when the federal issues a tax obligation by necessity can't be substantial under Grable if the IRS is a party? I thought the whole point was that they can't sue the IRS, so that's why they have to proceed this way. Well, it's not clear to me that they can't sue. I mean, I'm obviously not their lawyer, but it's not clear to me that they can't sue. I mean, they may have a claim, I don't know, under the Administrative Procedures Act with respect to the 2016-36 notice. I don't know if that's true or not. They certainly haven't explored it. And they also can go to the DPU. So, I mean, I can get to that issue. But, you know, to answer your question, Judge, I think there's a possibility they could have sued the IRS. So do you think it would have been appropriate to bring the IRS in as a necessary party in this case? I think the way they set this case up, that regardless of whether the IRS was a party in the case, under the Anti-Injunction Act and the Declaratory Judgment Act, that issue could not have been decided by a district court. But they just said they don't necessarily even need their declaratory judgment claim. So if they just have their state law claims under Grable, could the IRS be brought into this case? They've also said, though, that as part of their state law claims, that a decision on the tax issue has to be made. That's their position. So regardless of whether it's citing count one or deciding essentially whether the tax is owed, which is count one, under the state law claims, they've essentially said those claims, that declaratory judgment claim, is embedded in the three state law claims. So that's going to get decided one way or the other. I mean, it shouldn't get decided, because the tax issue should not be decided by a federal court under the Anti-Injunction Act and the Declaratory Judgment Act. And whether you call it a declaratory judgment or you make a pronouncement in connection with a state law claim that the tax is not owed, that's the same thing. So I'm confused. You want a state court to make that decision? No, they should go to the DPU, Your Honor. Our view is that they should go to the DPU. To pick up on what Judge Selye said earlier. But I thought you were saying that one of the reasons that this is not a substantial federal question is that the IRS isn't even here. And so you want it to be decided at the state level, where the IRS presumably won't be either? Right. That's what you prefer? That's the option that they have. And that's a very viable option that they have. The DPU can determine the reasonableness of our conduct in assessing this charge, which is what our obligation is. I see. And also, by the way, the DPU would have jurisdiction not only over these particular plaintiffs here, and I think we have to just look at these plaintiffs for purposes of this case, but other generators as well. So as was done in Rhode Island, a public utility commission can evaluate the reasonableness of the National Grid's position by looking at the tax notice and making a decision about whether or not it's a reasonable position. But their argument is that it's not about reasonableness. It's about whether the tax is actually owed, and the DPU specifically can't determine that question. That's a question they want answered in service of their claims, which are all based on reasonableness. Their claim about breach of the covenant in good faith and fair dealing is... But what about the restitution claim? That's ultimately an equitable remedy. Isn't restitution you've taken money that doesn't belong to you, and therefore you need to give it back? And if the tax isn't owed, then taking the tax gross up is taking money that you shouldn't have. I think if it's done, if it's kept under unreasonable circumstances, and the argument would be that at least retrospectively... I'm sorry, where does the restitution claim require proving that it has to be kept under unreasonable circumstances? Is that an element of a restitution claim? I think the argument would be is it was National Grid... Ultimately, it was what was... If it's determined... Let me answer it this way. Maybe this will be an answer. If it was determined that the tax is not owed, the question then becomes was National Grid's position before that decision unreasonable or reasonable? Is that the question for a restitution claim? I think that would be the restitution as well. Can you cite me anything? I can't as a regular. I think it's because it's based on principles of equity. If National Grid... If it were determined that National Grid's conduct was reasonable, then National Grid paid the tax, and then there was some issue about restitution, then National Grid would have to then essentially refund all of these earlier tax growth subpayments. Potentially, they could recover them in a tax refund. Potentially not. Then where do the charges fall in that case? The charges might fall to the rate payers. I think in the circumstances of a regulated utility, whether there's unjust enrichment in these circumstances, if the decision is that the tax was not owed, whether retrospectively that would require restitution, I don't think is a question that's easily answered, and it would be based on the reasonableness of the conduct. I think if National Grid's conduct was reasonable in taking the position that it did, because of the other ancillary problems that would happen, I think there would be considerable authority that this would be not subject to restitution, at least retrospectively. So you think there's a reasonableness component to every single one of their state law claims? I do. But would you even get to that analysis? Don't you first have to figure out if the tax is owed based on what you just said, and that requires necessarily resolving the federal question, right? It didn't need to be resolved in Rhode Island. In Rhode Island, there was a two-to-one decision by the Rhode Island PUC in which one of the commissioners, all of the commissioners, if you look at the opinion in the Rhode Island case, they all analyzed the 2016-36 notice. And two of the commissioners look at that, they look at the fact that National Grid relied on the Ernst & Young opinion, and they conclude that it was reasonable for National Grid to take the position that the tax was owed. A dissenting commissioner reads the opinion and says, I don't think the tax is owed, and I dissent. So it's possible, certainly possible, for the Massachusetts DPU to evaluate the notice, take a position, the plaintiffs say it's plain as day that the tax is not owed, take a position on whether the tax is owed or not, and then determine whether or not National Grid's conduct is reasonable. And I think, again, getting back to some other parts of our argument, one is that there is no federal question jurisdiction over any of these claims. We talked about substantiality for the state law claims. The declaratory judgment claim, I think, was actually thrown in there in order to try to get a hook into federal court, and now that they say it's in service of their state law claims, if you did a rule reversal and you assume what the claims that National Grid would have brought, those would also be state law claims for breach of contract if they didn't pay, those sorts of things. I think the other thing that we haven't talked about is the tax bar. So all these claims, according to plaintiffs or appellants, all these claims require a decision on a tax issue, and that's something that the district court can't do under the Indian Injunction Act or the Declaratory Judgment Act. But is there just pursuing claims under Grable as an issue? Yes, because their position is that issue has to be decided. So whether they have it as count one, a separate count, or it's embedded in counts two through four, it's still an issue that needs to be decided. And if you look at the question that they want answered on the declaratory judgment claim, it's whether the tax is owed or not. But didn't they also seek alternative relief of just damages, I think it was? I believe that they requested declaratory relief and they requested some other things, but then they had an alternative request for just damages, correct? I don't believe it's an alternative. I believe their position is that that question, that tax question needs to be decided in order for them to potentially get damages. And if the tax question doesn't need to be decided, then there's no federal issue and that issue is not a necessary issue. If they claim it has to be decided, then the tax bar applies to all of their claims, count one and counts two through four. Thank you, Your Honor. To run through a couple points of rebuttal here. The first, certainly, as the court pointed out, the IRS does not have to be a party to this action for the issue to be necessarily raised or to be substantial. Cases that we cited in footnote 15 of our opening brief include Grable, Jacobson, Egon, Zender, and Riceboro, all cases involving state law claims that turned, as these do, necessarily on an issue of federal tax law, where the court went on to hold that there existed a subject matter jurisdiction, notwithstanding the absence of the IRS. That brings us also to the Anti-Injunction Act point. That statute has zero applicability. And the reason it has no applicability is because this suit is not being brought for the purpose of restraining the collection or assessment of taxes by the IRS. In fact, the fact that the IRS isn't a party shows it can't have any impact on the assessment or collection of taxes because it wouldn't be bound by a decision. And in fact, the Supreme Court in the CIC decision recently addressed the Anti-Injunction Act's tax bar and said it's given virtually literal effect. It only applies to suits brought for the purpose, not for the effect, but they even shrunk the standard. It's not about whether it would even have the effect. Is it brought for the purpose of restraining the assessment or collection of taxes? And the court said there that the action at issue wouldn't, even though it potentially could have downstream effects on the collection of taxes, because it wasn't brought for the purpose of restraining the assessment or collection of taxes. The tax bar did not apply. That's exactly the situation here. With respect to whether or not we could have interpleaded or brought a claim against the IRS, there was some spitballing going on with respect to the Administrative Procedures Act. That's not an argument that anyone made in this case outside of today. The simple fact of the matter is we couldn't. We cite the statutes in our brief. We're not the taxpayer. We have no standing to bring a claim against the IRS with respect to whether these taxes were ultimately owed. In fact, the only party that really could have interpleaded the IRS would have been defendants, I believe under Rule 22, but the problem there is because they've steadfastly refused to bring a refund action, they couldn't then interplead the IRS because the tax bar would prevent that. They would have to go to the IRS first, seek a refund, get a determination, and then if that was the context, then at that point they could have interpleaded the IRS under Rule 22. That's not something that was done here. We would have loved for them to go on to the IRS and sought a refund action. They haven't done so for the past decade. Finally, the point that the state public utility commissions could provide any sort of relief here, the proof in the pudding is the Rhode Island proceeding. This is a claim for damages, not about whether or not what they did was reasonable. We say you charged us for something that was not in fact owed. The Rhode Island PUC agreed. They said we can't resolve this tax issue. All we can do is look to see, irrespective of whether it's owed, whether we think what National Grid was reasonable under the circumstances, that does us no benefit. We're still stuck paying a tax that's ultimately not owed and we need to get a determination from the court on the tax issue. Also, I want to make the point that the Massachusetts Public Utility Commission in particular, in paragraphs 91 to 93 of our complaint, we point out that in fact Eversource, another utility, did raise this issue and they just declined to hear it. They declined to issue any particular ruling on it, even though, as National Grid has argued before Rhode Island, they would have no authority to resolve the federal tax issue, but they declined to address whatever they're competent to address in the first place with respect to the issue. That happened in 2018. So again, National Grid would have us continue just to wander the wilderness without ever having a chance to getting a resolution of this issue when they have absolutely no incentive to bring it to a head before the IRS because it doesn't cost them anything. It actually would cost them more to bring a refund action than just to sit back because, again, they're not profiting from this. They're just claiming they're passing along a tax that's ultimately not owed. They have no incentive to seek an answer to this question. So we respectfully request that the court reverse the decision of the district court. Thank you. Thank you. Thank you. That's all the cases for today, Your Honor. I'll rise. This session of the Honorable United States Court of Appeals is now recessed until 9.30 tomorrow morning. God save this Honorable Court and the United States of America.